(\*) NARRAGUAGUS LAND PROPRIETORS *versus* WENTWORTH.

An attorney, in virtue of his general employment for his clients, has no authority to execute a replevin bond in their name.

But if they subsequently ratify such an execution of the bond, it becomes their deed.

The prosecution, by them, of the replevin suit is such a ratification. Such a ratification discharges the interest of the attorney in the suit, and he is thereby made a competent witness for the plaintiffs.

ON EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding. REPLEVIN.

The replevin bond was signed, "Narraguagus Land Company, by W. F. their attorney."

He had no authority to execute the bond in the plaintiffs' name, "except his general authority as an attorney at law, to collect stumpage for the plaintiffs."

He was called as a witness for the plaintiffs, and was objected to because of his execution of the replevin bond in the aforesaid form. He was, however, admitted. To that admission the defendant excepted.

*B. Bradbury*, for the defendant.

*Burbank*, for the plaintiffs.

TENNEY, J. — William Freeman, Jun., the witness, executed the replevin bond to the defendant, in the name of the plaintiffs, by himself, as attorney. On the *voir dire*, it appeared that he had no other authority to do so, at the time of the execution, excepting his being employed by their agent as an attorney to collect the payment for stumpage on their lands. The only question, presented by the exceptions, is the competency of the witness to testify in the trial of the issue, raised by the pleadings.

Before service can be made of a replevin writ, the officer is required to "take from the plaintiff, or some one in his behalf, a bond to the defendant," &c. R. S., c. 130, § 10. Without this, the writ cannot be served and the suit prosecuted with propriety. In the case at bar, the bond was not given by the witness, in behalf of the plaintiffs, but he assumed to

act for them and in their name. And if he had been properly authorized by them, to execute the bond as ,he did, it would have been their deed.

The power of the witness' was insufficient to make the bond binding upon the plaintiffs. But it was competent for them to adopt it as theirs, and if they have done so, it is an effectual ratification, and becomes their bond, from the time of its execution. The bond not purporting to be that of the witness, there was no legal service of the writ, if the plaintiffs had not adopted the execution. But having entered and prosecuted the action, and having joined the issue tendered by the defendant, the plaintiffs have effectually adopted the bond according to its meaning, as indicated upon its face. And having done so, no liability attaches to the witness; and he was competent to testify.           *Exceptions overruled.*

SHEPLEY, C. J., and RICE and HATHAWAY, J. J., concurred.